UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAMLA RENCHER; RENCHER/ARCADIA APARTMENTS, L.L.C.; and RENCHER/SUNDOWN, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO BANK, N.A., individually; HSBC BANK USA, NATIONAL ASSOCIATION, individually; WELLS FARGO MORTGAGE BACKED SECURITIES 2008-AR2 TRUST, individually; and JOHN DOES 1-20, individually, <br><br> Defendants. | Case No. 4:14-cv-00341-BLW <br><br> MEMORANDUM DECISION AND ORDER |

# INTRODUCTION

Plaintiffs Tamla Rencher, Rencher/Arcadia Apartments LLC ("Arcadia"), and Rencher/Sundown LLC ("Sundown") (collectively, "Rencher") filed a verified complaint against Wells Fargo Bank, N.A., and other banking defendants (collectively "Wells Fargo"), alleging several claims arising from the attempted foreclosure of two apartment complexes known as the Arcadia property and Sundown property. Rencher then filed a motion for a temporary restraining order to delay the scheduled foreclosure sale of the Sundown property, currently set for February 26, 2015.

# BACKGROUND

On February 1, 2008, Wells Fargo, N.A. loaned Tamla Rencher approximately $900,000 to purchase two commercial properties as part of a Business Lending loan. Arcadia and Sundown guaranteed payment of the debt. *Def's SOF* ¶ 72, Dkt. 13. The commercial properties ("Arcadia" in Madison County and "Sundown" in Bonneville County) are apartment complexes generating rental income from tenants and are not residential properties. *Id.* ¶ 22. Wells Fargo Bank, N.A. filed a judicial foreclosure action on the properties in Idaho state court and received an uncontested Judgment of Foreclosure on July 29, 2011. *Id.* ¶¶ 26-28. Rencher, Arcadia, and Sundown appealed the Judgment, which they lost, and an Amended Judgment and Decree of Foreclosure was entered against them and recorded on November 10, 2011. *Id.* ¶¶ 28-31. The Judgment of Foreclosure, with amendments, totals over a million dollars. A foreclosure sale of the property located at 2001 West Broadway, Idaho Falls 83402 – the Sundown property – is scheduled for February 26, 2015.

Rencher seeks to enjoin the foreclosure sale. Rencher maintains that the Wells Fargo, N.A. loan was transferred to Wells Fargo Mortgage Backed Securities 2008-AR2 as part of the trust corpus of residential mortgage notes. *Verified Compl.* ¶ 6. At this point, the note was apparently separated from the deed of trust. Rencher therefore argues that Wells Fargo has no standing to foreclose because the notes on the properties were securitized and sold, and therefore Wells Fargo no longer has any interest in the property.

# LEGAL STANDARD

The standard for issuing a preliminary injunction is well established, and mirrors that for a temporary restraining order. *Stuhlberg Int'l Sales Co., Inc. v. John D. Brush & Co.,* Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001). "[I]njunctive relieve [is] an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *Winter v. Natural Res. Defense Council, Inc.,* 555 U.S. 7, 22 (2008). The party seeking relief must demonstrate that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm absent relief; (3) the balance of equities tips in its favor; and (4) the requested relief is in the public interest. *Id.* at 20. Under the Ninth Circuit's "sliding scale" approach, the first and third elements can be balanced such that "serious questions" going to the merits and a balance of hardships that "tips sharply" towards the movant is sufficient so long as the other two elements are met. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1134–35 (9th Cir. 2011).

# ANALYSIS

Rencher fails to raise serious questions on the merits, or to demonstrate a likelihood of irreparable harm. She therefore fails to meet the requirements of a temporary restraining order.

Rencher's main argument for why the foreclosure cannot go forward is that the loan was securitized and, therefore, Wells Fargo does not have authority to foreclose. But Rencher cites no case law to support this argument. Indeed, the Idaho Supreme Court has held that "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust

without first proving ownership of the underlying note...." *Trotter v. Bank of New York Mellon*, 275 P.3d 857 (Idaho 2012). And the Ninth Circuit has held that the splitting of the note from the deed of trust does not extinguish the right to foreclose. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011). Finally, the Ninth Circuit Bankruptcy Appellate Panel observed, the borrower (the maker of the note) "should be indifferent as to who owns or has an interest in the note so long as it does not affect the maker's ability to make payments on the note." *Veal v. Am. Home Mortgaging Serv., Inc.*, 450 B.R. 897, 912 (9th Cir. BAP2011). All of these cases suggest that securitization of the note does not affect the right to foreclose. Therefore, even accepting Rencher's allegation that the loan was securitized as true, Rencher fails to demonstrate a likelihood of success on the merits.

Moreover, Rencher fails to demonstrate irreparable harm. Wells Fargo recorded the foreclosure decree in November 2011. This is over 3 years before Rencher first filed for emergency relief. Delay in seeking injunctive relief can imply a lack of urgency and irreparable harm, and weighs against the propriety of such relief. *Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.,* 991 F.2d 536, 544 (9th Cir. 1993); *Lydo Enters. v. City of Las Vegas,* 745 F.2d 1211, 1213 (9th Cir. 1984).

**ORDER**

Plaintiffs Tamla Rencher, Rencher/Arcadia Apartments LLC, and Rencher/Sundown LLC's Motion for Temporary Restraining Order (Dkt. 9) is DENIED.



DATED: February 25, 2015

B. Lynn Winmill
Chief Judge
United States District Court