4341
UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAMLA RENCHER; RENCHER/ARCADIA APARTMENTS, L.L.C.; AND RENCHER/SUNDOWN, L.L.C., <br><br> Plaintiff, <br><br> v. <br><br> WELLS FARGO BANK, N.A., individually; HSBC BANK USA, NATIONAL ASSOCIATION, individually; WELLS FARGO MORTGAGE BACKED SECURITIES 2008-AR2 TRUST, individually; and JOHN DOES 1-20, individually, <br><br> Defendant. | Case No. 4:14-cv-00341-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendants' Wells Fargo Bank, N.A. and Wells Fargo Mortgage Backed Securities 2008-AR2 Trust's (collectively, "Wells Fargo") Motion to Dismiss (Dkt.20). For the reasons explained below the Court will grant the Motion.

At the outset, the Court notes that when a motion to dismiss is filed and matters outside the pleadings are presented to the Court, the motion is to be treated as a summary judgement motion. *See F.R.C.P.* 12(d). Here, because much of what is presented by all

MEMORANDUM DECISION AND ORDER - 1

parties, and was subsequently considered by the Court, is in fact outside the pleadings, the motion will be treated as a summary judgement motion and that standard will apply.

## BACKGROUND

This case arises out of an unpaid mortgage and the subsequent liquidation of the collaterally held properties. In February 2008, Tamla Rencher borrowed $900,000 from Wells Fargo Bank, N.A.. The loan was secured by two separate real properties owned by Rencher through two LLC's – Rencher/Arcadia Apartments, LLC, with property located in Madison County, Idaho and Rencher/Sundown, LLC, with property located in Bonneville County, Idaho.

Rencher defaulted under the terms of the loan, and on October 7, 2010, Wells Fargo filed a state court foreclosure proceeding against Rencher in Madison County. Judge Gregory W. Moeller, District Judge, entered a Judgement and Decree of Foreclosure in favor of Wells Fargo on July 29, 2011.

On September 2, 2011 Rencher appealed the decision to the Idaho Supreme Court. On November 26, 2012, the appeal was dismissed with prejudice.

Judge Moeller entered an Amended Judgement in favor of Wells Fargo on November 2, 2011, and a second Amended Judgement on July 7, 2014.

Rencher Filed for Chapter 7 Bankruptcy on September 10, 2012, in the United State Bankruptcy Court for the District of Idaho. Both properties were subsequently sold. On August 20, 2014, Rencher, Rencher/Arcadia Apartments, LLC, and Rencher/Sundown, LLC (collectively, "Rencher") filed a Complaint against Wells Fargo


and others. She then filed an Amended Complaint in February 2015, alleging various causes of action. Wells Fargo now moves to dismiss the Amended Complaint.

## LEGAL STANDARD

1. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* at 557.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the court need not accept as true, legal

conclusions that are couched as factual allegations. *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Under Rule 12(b)(6), the Court may consider matters that are subject to judicial notice. *Mullis v. United States Bank*, 828 F.2d 1385, 1388 (9th Cir. 1987). The Court may take judicial notice "of the records of state agencies and other undisputed matters of public record" without transforming the motions to dismiss into motions for summary judgment. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 866, n.1 (9th Cir. 2004). The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

2. **Motion for Summary Judgment**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or

defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255.  Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).  On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc).  To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir. 2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076.  The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions,

answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists.  *Celotex,* 477 U.S. at 324.

However, the Court is "not required to comb through the record to find some reason to deny a motion for summary judgment." *Carmen v. San Francisco Unified Sch. Dist.,* 237 F.3d 1026, 1029 (9th Cir. 2001) (quotation omitted).   Instead, the "party opposing summary judgment must direct [the Court's] attention to specific triable facts." *Southern California Gas Co. v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003).

## ANALYSIS

### 1. Transfer to AR2 Trust

Rencher alleges numerous claims against Wells Fargo in her Complaint, most of which are tied to the Wells Fargo Mortgage Backed Securities 2008-AR2 Trust. The question that underlies most, if not all, of the claims is a question about legal title. In essence, Rencher asserts that because the Trust, and not Wells Fargo, held the mortgages, Wells Fargo was not entitled to sue or recover from the liquidation of the properties.

In response to Rencher's allegations, Wells Fargo maintains that Rencher's loan, because it was a "commercial mortgage loan," as opposed to a "consumer mortgage loan," was never transferred into the Trust and was always maintained by Wells Fargo. Wells Fargo Mortgage backed Securities 2008-AR2 Trust came into being in 2008 for the purpose of establishing a trust for the securitization of residential mortgage loans. The Rencher loan with Wells Fargo was a commercial mortgage loan and therefore did not qualify for the pool. The deeds of trust for the properties owned by Rencher were never

assigned nor transferred to the 2008-AR2 Trust. *See Glorfield Affidavit*, dkt.20-2 and *Lee Affidavit,* dkt.20-3. The loan documents were always retained by, and continue to be retained by Wells Fargo N.A. and not the Trust. *Id.*

Based on this key fact, Wells Fargo argues that Rencher cannot state a plausible claim because Rencher's claims are based on this allegedly illegal transfer of her loan to the Trust. However, in making this argument, Wells Fargo relies heavily on matters outside the pleadings—namely, the affidavits of Gary H. Glorfield and Gretchen E. Leff.

In deciding a Rule 12(b)(6) motion, the court generally looks only to the face of the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir.2002). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003).

The Court may therefore consider the underlying loan documents, as the loan documents are incorporated by reference in the complaint, as well as any documents attached to Rencher's complaint. *Id.* In addition, the Court may take judicial notice of pleading and orders filed in the related state court cases. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n. 6 (9th Cir.2006) ("We may take judicial notice of court filings and other matters of public record").

But it would be improper for the court to consider the declarations and exhibits attached to Wells Fargo's motion without converting the motion to dismiss into a motion

for summary judgment. *Ritchie*, 342 F. 3d at 909. Normally, summary judgment is inappropriate before the parties have had an opportunity for discovery. *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1519 n. 4 (9th Cir.1987). When only one party seeks to convert a motion to dismiss into a motion for summary judgment prior to discovery by offering additional exhibits and affidavits outside the pleadings, a court may simply disregard any such submissions and decide the motion to dismiss on the merits of the pleadings alone. Courts regularly decline to consider declarations and exhibits submitted in support of or opposition to a motion to dismiss, however, if they constitute evidence not referenced in the complaint or not a proper subject of judicial notice. See *City of Royal Oak Retirement System v. Juniper Networks, Inc.*, 880 F.Supp.2d 1045, 1060 (N.D.Cal. 2012). "However, a court may convert a motion to dismiss into a motion for summary judgment, and thus consider the external exhibits and affidavits, when it is "satisfied that the parties are not taken by surprise or deprived of a reasonable opportunity to contest facts averred outside the pleadings" and the issues involved are 'discrete and dispositive.'" *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 165 (S.D.N.Y. 2006)

      Because the submitted affidavits provide evidence that may be dispositive of the case, the Court will convert the motion to dismiss into a motion for summary judgment. Moreover, the Court finds that Rencher has not been taken by surprise or deprived of an adequate opportunity to respond to the facts contained in the submitted declarations.

**MEMORANDUM DECISION AND ORDER - 8**

Therefore, additional notice of the Court's conversion of this motion into a motion for summary judgment is not necessary. *Id.*

Rencher filed a previous motion for a temporary restraining order back in February 2015. Wells Fargo filed an objection to the TRO and submitted evidence that only consumer or residential loans were transferred to the Trust, and Rencher's loan, which was a commercial loan, was never been transferred or assigned to the Trust. *Wells Fargo Statement of Facts* ¶ 59, Dkt. 13. Rencher had an opportunity to inspect this evidence. She also has an opportunity to make a discovery request requesting a list of all loans that were pooled into the Trust at issue in this case. *Pls.' Resp. Br.* at 3, Dkt.22 . Wells Fargo responded that the information she seeks about pooled loans is available to the public and can be viewed online. Because the information contained online is voluminous, Wells Fargo searched for $900,000 loans (the amount loaned to Rencher), and none of those loans were Rencher's. *Glorfield Decl.* ¶ 52, Dkt. 20-2. Rencher has had access to this information since April 2015. *Ex. A to Pls' Resp. Br.*, Dkt. 22-1. Thus, Rencher cannot complain that she is surprised by the submitted affidavits.

Nonetheless, despite having months to conduct discovery, Rencher fails to provide any evidence to support her allegation that her loan was assigned to the Trust and securitized. Instead, Rencher contends she needs even more time to evaluate the situation. But the belief or hope that future evidence may arise, particularly when faced with concrete evidence to the contrary, cannot defeat a summary judgment motion. This is precisely why the Ninth Circuit has ruled that "An opposing party's mere hope that

further evidence may develop prior to trial is an insufficient basis upon which to justify denial of the motion." *Neely v. St. Paul Fire & Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978).

This leaves little question as to the true owner and holder of the mortgage of the properties in question. Because at no point in time were the properties transferred, assigned, or held by the Trust, Wells Fargo was the correct party to the previous legal proceedings and was entitled to the relief granted. Because the Court so finds, all other claims stemming from this claim are without basis and must be dismissed. Likewise, because the Court finds that the properties were never transferred, any claims of fraud, misrepresentation or violations of any statutes of code of acts are likewise dismissed.[1]

### 3. Motion to Dismiss

Even disregarding the extrinsic evidence submitted by Wells Fargo and accepting Rencher's allegations as true that her loan was assigned to the Trust and securitized, she still does not state a claim.

---

[1] Because Rencher has filed multiple lawsuits for the same causes of action the Court will note for the record that each cause in the complaint before the Court is dismissed.
Count 1 – Declaratory and Injunctive Relief is dismissed because there is nothing to gain relief from.
Count 2 – Failure to perfect deed of trust is dismissed in accordance with the analysis in the decision.
Count 3 – violation of the Bankruptcy code is dismissed because there was no fraud or misleading on behalf of Wells Fargo therefore no violation of the Bankruptcy code.
Count 4 – violation of the Idaho Consumer protection act is dismissed because the act was never violated.
Counts 5-8 various abuses under the Debt Collection act is dismissed because none of the practices engaged in by Wells Fargo were improper.

### A. *Fair Debt Collection Practices Act*

First, Rencher fails to state a claim under the Fair Debt Collection Practices Act because she does not plausibly allege that Wells Fargo is a "debt collector" within the meaning of the statute." The FDCPA was enacted "to counter the abuse, deceptive and unfair debt collection practices sometimes used by debt collectors against consumers." *Turner v. Cook*, 362 F.3d 1219, 1226 (9th Cir. 2004). The Act defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," and (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Rencher alleges no facts plausibly suggesting that Wells Fargo meets the definition of "debt collector." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209 (9th Cir. 2013) ("The complaint fails to provide any factual basis from which we could plausibly infer that the principal purpose of Wells Fargo's business is debt collection."). Furthermore, "because foreclosing on [a] property pursuant to a deed of trust is not the collection of a debt within the meaning of the FDCPA," Rencher cannot plead that Wells Fargo was "collecting a debt." *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008).

**B.** *ICPA*

Likewise, Rencher fails to state a claim under the Idaho Consumer Protection Act. The ICPA was enacted "'to protect both consumers and businesses against unfair methods of competition and unfair and deceptive practices in the conduct of trade or commerce, and to provide efficient and economical procedures to secure such protection.'" *White v. Mock*, 140 Idaho 882, 890, 104 P.3d 356, 364 (2004) (quoting I.C. § 48-601). Rencher alleges that Wells Fargo has engaged in misleading, false or deceptive acts by intentionally foreclosing with the knowledge that it did not have standing and by filing false declarations "with the purpose of coercing Petitioners to pay the alleged debt, and for fooling the courts into awarding property under false pretenses," *id.* ¶ 54, Dkt. 17.

These claims are nothing more than a repackaging of the "show me the note" argument that has been soundly rejected by this Court. *See, e.g., Showell v. BAC Home Loans Servicing*, LP, No. 4:11–CV–00489–CWD, 2012 WL 4105472 *4 (D.Idaho Sept.17, 2012) (rejecting "produce the note" theory*); Washburn v. Bank of America*, No. 1:11–cv–00193–EJL–CWD, 2011 WL 7053617 *4 (securitization does not extinguish the security interest or impact the ability to foreclose the trust deed), adopted as modified, 2012 WL 139213.

Additionally, other than Rencher's broad, sweeping allegations that Wells Fargo illegally assigned the loan to the Trust and her generalizations about purported false and misleading documents, Rencher has not identified any specific conduct attributable to a

named defendant that the ICPA prohibits. *See Bacon v. Countrywide Bank*, 2012 WL 642658 *7 (D.Idaho Feb.8, 2012) (rejecting similar sweeping allegations for a failure to plead with particularity the conduct that violated Idaho's Deceptive Trade Practices Act).

**C.** *Securitization*

Rencher's claims also fail because they are all based on the assumption that Wells Fargo foreclosure on the Rencher properties was somehow wrongful because the Rencher loan had been securitized. But, as this Court has noted in a previous decision, "This is not a new battlefield. Several courts have rejected various theories that securitization of a loan somehow diminishes the underlying power of sale that can be exercised upon a trustor's breach." *Cherian v. Countywide Home Loans, Inc.*, No. 1:12-CV-00110-BLW, 2012 WL 5879281, at *3 (D. Idaho Nov. 20, 2012). And the Ninth Circuit has held that the splitting of the note from the deed of trust does not extinguish the right to foreclose. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034 (9th Cir. 2011). Finally, as the Ninth Circuit Bankruptcy Appellate Panel observed, the borrower (the maker of the note) "should be indifferent as to who owns or has an interest in the note so long as it does not affect the maker's ability to make payments on the note." *Veal v. Am. Home Mortgaging Serv., Inc.*, 450 B.R. 897, 912 (9th Cir. BAP2011).

All of these cases suggest that securitization of Rencher's loan did not make the foreclosures on her properties wrongful. Thus, even it were true that Rencher's loan was securitized, this would not constitute fraud or violate the bankruptcy code as Rencher alleges.

## ORDER

**IT IS ORDERED** that Defendants' Motion to Dismiss (Dkt.20) is **GRANTED**.

DATED: August 31, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court

**MEMORANDUM DECISION AND ORDER - 14**